**820**

UNITED STATES of America For the Use and Benefit of JAMES E. SIMON CO., Inc., and James E. Simon Co., Inc., Appellants,

v.

ARDELT–HORN CONSTRUCTION CO. and St. Paul Fire & Marine Insurance Company, Appellees.

No. 20544.

United States Court of Appeals, Eighth Circuit.

Aug. 17, 1971.

Allen L. Overcash, of Woods, Aitken, Smith, Greer, Overcash & Spangler, Lincoln, Neb., for James E. Simon Co., Inc.

Martin J. Andrew, of Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., Edwin Cassem, of Cassem, Tierney, Adams & Henatsch, Omaha, Neb., for appellee St. Paul Fire & Marine Ins. Co.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is a timely appeal by plaintiff James E. Simon Co., Inc., a subcontractor on a government building project covered by the Miller Act from final order dismissing with prejudice its third claim for relief, which is based upon a Miller Act performance bond. Rule 54 (b) determinations for entry of final judgment on the third claim were made by the trial court. Rulings upon other claims for relief are not involved on this appeal.

Judge Urbom, in a well-reasoned opinion reported at 316 F.Supp. 254, fairly sets out the facts, the issues, the controlling law and the basis for his decision dismissing the claim. The primary issue presented is whether a subcontractor who has furnished and paid for labor and material upon a government construction contract covered by the Miller Act is entitled to recover on the performance bond the cost of such labor and material which has not been paid to him.

Plaintiff bases its right to recover on the performance bond upon the theory that it is a third party beneficiary, and upon the theory of equitable subrogation

to the rights of the government on the performance bond. We affirm the dismissal of the third claim for relief upon the basis of the trial court's well considered opinion.

We agree with the view of the trial court that the Miller Act by its clear language, which is fully supported by the legislative history, provides for a payment bond for protection of those providing labor and material on government projects and a performance bond for the protection of the United States, and that no basis exists for plaintiff's claim as a third party beneficiary of the performance bond.

We are also satisfied that the plaintiff has failed to establish that it is equitably subrogated to the rights of the United States to enforce the performance bond. Plaintiff has paid no debt that the United States is obligated to pay. Congress has met any moral obligation to the providers of labor and material by providing the payment bond. A payment bond of $206,502.50 has been provided as required by the Miller Act.

As pointed out by Judge Urbom, Pearlman v. Reliance Insurance Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190, and other cases cited by the plaintiff dealing with the right of a surety satisfying the obligation of the subcontractor to be subrogated to rights of the prime contractor to funds withheld by the government with respect to which the government makes no conflicting claim, falls far short of supporting the view that a subcontractor paying for labor and material on a government project is subrogated to the rights of the government on the performance bond. See Sun Insurance Co. of New York v. Diversified Engineers, Inc., D.C.Mont., 240 F.Supp. 606.

In our present case, plaintiff does not assert any right based upon funds withheld by the government from the prime contractor and hence we do not have before us the issue of plaintiff's right to funds, if any, withheld from the prime contractor by the government.

The judgment of dismissal is affirmed.